IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARTIN SANTIAGO, on behalf of himself and all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | Civil Action File |
| vs. ) ) | No. _____ |
| AK SECURITY SERVICES LLC, ) ) | COLLECTIVE ACTION COMPLAINT |
| Defendant. ) | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Martin Santiago, by and through counsel, files this Collective Action Complaint against Defendant AK Security Services LLC ("AK Security" or "Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, by failing to pay Plaintiff and similarly situated employees proper overtime wages. Plaintiff files this Complaint against Defendant to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees.

In support of his claim, Plaintiff asserts as follows:

## INTRODUCTION

1. This lawsuit arises from the failure of Defendant to properly calculate and pay Plaintiff and similarly situated employees overtime wages during the period

three years prior to the filing of this complaint, May 18, 2019 through May 18, 2022.

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. Defendant transacts business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

**A. Plaintiff Santiago.**

3. Plaintiff Martin Santiago is a resident of Georgia in this judicial district and division.

4. Plaintiff consents to be a party and opt-in Plaintiff in this lawsuit and to represent the collective class adequately. See, Exhibit 1, Plaintiff's Declaration and Consent.

5. Defendant hired Plaintiff in approximately July 2019.

6. Plaintiff's employment with Defendant ended in approximately May 2022.

7. Plaintiff had a gap in his employment with Defendant from approximately December 2019 through December 2021.

2

### B. Defendant AK Security.

8. Defendant AK Security is a Florida corporation with its principal office address on file with the Georgia Secretary of State as 8777 San Jose Blvd Ste703, Jacksonville, FL.

9. Defendant's registered agent for service of process is Ekaterina Krasnov, 252 Van Eepoel Ct, Pendergrass, GA, 30567.

10. Defendant AK Security had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

11. At all relevant times, Defendant has continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

12. Defendant employed Plaintiff throughout the relevant period.

### FACTUAL BASIS OF PLAINTIFF'S CLAIMS

### A. Plaintiff and other Security Guards' Employment with Defendant.

13. Plaintiff was employed by Defendant as a security guard.

14. At all relevant times, Plaintiff and other Security Guards were "employees" of Defendant as that term is used in 29 U.S.C. § 203(e)(1).

15. At all relevant times, Defendant employed, and/or continues to

employ, Plaintiff and other Security Guards within the meaning of the FLSA.

16. Throughout the relevant period, Defendant employed Security Guards in Florida, Georgia and Texas, including Plaintiff and similarly situated employees.

17. Plaintiff and other Security Guards employed by Defendant were similarly situated, with similar job duties and responsibilities, and with similar pay structures.

18. At all relevant times, Plaintiff and other Security Guards were non-exempt employees for Defendant.

19. Plaintiff's and other Security Guards' job duties included, but were not limited to, securing the client's premises and personnel by staying on patrol, monitoring surveillance equipment, performing building inspections, guarding entry points, and verifying visitors.

20. In performing their job duties for Defendant, Plaintiff and other Security Guards did not perform executive functions or have any duties with regard to managing any aspect of Defendant's operations.

21. In performing their job duties for Defendant, Plaintiff and other Security Guards did not direct or supervise the work of any employees.

22. In performing their job duties for Defendant, Plaintiff and other Security Guards did not have the authority to hire or fire any employee or make

suggestions or recommendations as to the hiring, firing or changing the status of any employee.

23. In performing their job duties for Defendant, Plaintiff and other Security Guards did not exercise any discretion or independent judgment with regard to matters of significance.

24. Plaintiff's and other Security Guards' job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

25. Defendant incorrectly classified Plaintiff and all other Security Guards as independent contractors.

26. Defendant exerted significant control over Plaintiff and other Security Guards work, including, but not limited to, the following:

   a. Defendant determined Plaintiff's and other Security Guards' hours and schedule for each workday;

   b. Defendant provided and required Plaintiff and other Security Guards to wear a uniform with Defendant's logo;

   c. Defendant required Plaintiff and other Security Guards to comply with its policies and procedures relating to performing their duties for Defendants;

   d. Plaintiff and other Security Guards were managed by and required to

answer to Defendant's management staff;

e. Plaintiff and other Security Guards could not negotiate the amount they were paid by Defendant and were never paid directly by Defendant's customers;

f. Plaintiff and other Security Guards could not negotiate the agreement they were required to sign to work for Defendant;

g. Defendant did not permit Plaintiff and other Security Guards to hire other workers to assist with their work; and

h. Plaintiff and other Security Guards were required to complete forms as instructed by Defendant, and to comply with reporting requirements set by Defendants.

27. Defendant classified Plaintiff and other Security Guards as independent contractors.

28. All of the work that Plaintiff and other Security Guards performed for Defendant was through Defendant agreements with the clients, and under for Defendant's terms and conditions.

29. Defendant received the majority of its revenue from the work performed by Plaintiff and other Security Guards.

30. Defendants exercised significant control over Plaintiff and other

Security Guards' work.

31. Plaintiff and other Security Guards had no opportunity for profit or loss depending on their managerial skill.

32. Plaintiff and other Security Guards had little to no investment in equipment or materials needed to perform their duties, and Plaintiff and other Security Guards were expressly forbidden from hiring other workers to assist in them in their duties.

33. Plaintiff and other Security Guards services requires no specialized skill or education.

34. Plaintiff and other Security Guards maintained on ongoing, permanent working relationship with Defendant.

35. Plaintiff and other Security Guards services rendered was an integral part of Defendant's business.

**B. Plaintiff and other Security Guards' Unpaid Overtime.**

36. Defendant paid Plaintiff and other Security Guards a flat hourly rate regardless of the amount of hours worked.

37. Defendant denied Plaintiff and other Security Guards payment of overtime wage compensation required by the FLSA for any hours working in excess of 40 hours per workweek.

38. While Plaintiff and other Security Guards' schedule varied, they regularly worked in excess of 40 hours per workweek.

39. Defendant willfully and/or deliberately failed to pay Plaintiff and other Security Guards earned overtime wages for hours worked in excess of 40 hours per workweek in violation of the FLSA.

40. Defendant maintained records of hours that Plaintiff and other Security Guards worked.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff brings this case on his own behalf and as an "opt-in" collective action on behalf of the following class of employees (the "Collective Class") pursuant to 29 U.S.C. § 216(b):

> All persons who, during the period beginning three years prior to the filing date of this Complaint, were employed by AK Security Services LLC as a Security Guard and were denied overtime wage compensation for hours worked over 40 hours in a given work week.

42. Plaintiff, on behalf of himself and Collective Class members, seeks relief on a collective basis challenging Defendant's failure to properly pay overtime wage for all hours worked over 40 in a given work week in violation of the FLSA.

43. The Collective Class is so numerous that joinder of all members is impracticable. It is believed that the Collective Class includes over forty persons.

44. Plaintiff's claims and experiences are typical of that of the Collective Class members.

45. Plaintiff will fairly and adequately protect the interests of the Collective Class and has retained counsel that are experienced and competent in the fields of employment law and collective action litigation. Plaintiff has no interest that is contrary to or in conflict with those of the Collective Class members.

46. This Collective Action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is not practical. The cost of litigation compared to the anticipated damages make it more efficient to adjudicate this matter as a Collective Action.

47. Common questions of law and fact predominate in this action, including but not limited to:

   a. Identification of all persons in the Collective Class; and
   b. Whether Defendant paid Plaintiff and Collective Class members proper overtime wages for all hours worked over 40 hours in a given work week.

48. Plaintiff has given his written consent to become a party Plaintiff in this collective action under the FLSA. Plaintiff's written consent is attached hereto as "Exhibit 1."

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## UNPAID WAGES

49. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

50. At all relevant times, Defendant has been and was engaged in interstate commerce and/or the production of services for commerce, within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

51. At all relevant times, Defendant employed Plaintiff and Collective Class members within the meaning of the FLSA, 29 U.S.C. §§ 201 et seq.

52. At all relevant times, Defendant was an enterprise (as that term is defined in 29 U.S.C. § 203(r) and (s)(1)) with multiple employees (including Plaintiff and Collective Class members) who were engaged in commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

53. Defendant had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

54. At all relevant times, Defendant had a policy and practice of failing to pay Plaintiff and Collective Class members overtime wages in violation of the FLSA.

55. Defendant maintained records of hours that Plaintiff and Collective Class members worked.

56. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

57. Plaintiff and Collective Class members suffered damages due to Defendant's willful misconduct.

58. Due to Defendant's FLSA violations, Plaintiff and Collective Class members were damaged and are entitled to recover from Defendant compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully requests a trial by jury and that this Court grant the following relief:

    A.    Designation of this action as a collective action on behalf of the Plaintiff and Collective Class members;

    B.    Prompt issuance of notice to all Collective Class members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Opt-In, and

appointing Plaintiff and his counsel to represent the Collective Class members;

C. Award of all unpaid wages, including but not limited to, all unpaid overtime wage compensation, due under the FLSA to Plaintiff and the Collective Class members;

D. Award of liquidated damages to the Plaintiff and Collective Class members;

E. Award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

F. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted this May 18, 2022.

**HALL & LAMPROS, LLP**

/s/ *Gordon Van Remmen*
Christopher B. Hall
Ga. Bar # 318380
Gordon Van Remmen
Ga. Bar # 215512

400 Galleria Parkway
Suite 1150
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
chall@hallandlampros.com
gordon@hallandlampros.com

*Attorneys for Plaintiffs*

Plaintiff's counsel certifies that this complaint is in 14-point Times New Roman font.