## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MARTIN SANTIAGO, on behalf of himself and all others similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AK SECURITY SERVICES LLC, )<br>)<br>Defendant. ) | Civil Action File<br>No. <u>1:22-cv-01986</u> |

### JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff Martin Santiago ("Plaintiff") and Defendant AK Security Services LLC (collectively, the "Parties") submit this Joint Preliminary Report and Discovery Plan pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and LR 16.2, N.D.Ga.

**1.    Description of Case:**

(a)    Describe briefly the nature of this action.

*This collective action is brought by Plaintiff, on behalf of himself and all others similarly situated employees, against their former employer, AK Security Services LLC, for claims of overtime wage violations under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). Plaintiff seeks damages for the*

alleged FLSA violations and an award of attorneys' fees and costs.

(b) Summarize, in the space provided below, the facts of the case. The summary should not be argumentative nor recite evidence.

*Plaintiff worked for AK Security Services LLC as a security guard from approximately July 2019 through May 2022, with a gap in his employment from approximately December 2019 through December 2021. Plaintiff alleges that he was a non-exempt employee of AK Security. Plaintiff alleges that AK Security violated the FLSA by failing to pay Plaintiff properly for all overtime hours. Further, Plaintiff alleges that Defendant's FLSA violations were willful, triggering a 3-year rather than a 2-year statute of limitations under the FLSA.*

*From approximately July 2019 through May 2022, Defendant contends Plaintiff was engaged, on and off, as an independent contractor to perform work as a security guard. Defendant contends throughout his engagement with Defendant, Plaintiff controlled the manner in which he performed his duties. Defendant denies Plaintiff's entitlement to any relief under the FLSA. Defendant is continuing to investigate and considering a potential counterclaim.*

(c) The legal issues to be tried are as follows:

<u>Plaintiff's Statement of the Issues</u>

(1) *Whether during the relevant period Plaintiff and Defendant were*

2

*subject to the provisions of the FLSA;*

(2) *Whether the collective class of and similarly situated employees can be properly ascertained and certified;*

(3) *What were the overtime wage compensation obligations Defendant owed Plaintiff and similarly situated employees pursuant to the FLSA;*

(4) *Whether the manner in which Defendant compensated Plaintiff and similarly situated employees complied with its FLSA overtime wage obligations;*

(5) *Whether Defendant's overtime wage obligations were subject to a defense, exemption, or exception under the FLSA or otherwise;*

(6) *Whether the affirmative defenses asserted by Defendant are valid;*

(7) *To the extent there were any FLSA overtime violations, whether Defendant committed those violations willfully;*

(8) *To the extent there were any FLSA overtime violations, what are the overtime damages to which Plaintiff and similarly situated employees are entitled, if any;*

(9) *To the extent there were any FLSA overtime violations, what are*

*the liquidated damages to which Plaintiff and similarly situated employees are entitled, if any; and*

(10) *To the extent there were any FLSA overtime violations, to what other damages, including but not limited to costs and/or attorneys' fees, are Plaintiff and similarly situated employees entitled and in what amount.*

Defendant's Statement of the Issues

(1) *Whether Plaintiff can establish the elements of his FLSA overtime claim;*

(2) *Whether Plaintiff's claims are barred, in whole or in part, by Defendant's asserted defenses;*

(3) *Whether Plaintiff is entitled to damages, attorneys' fees, and costs.*

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases: *None.*

(2) Previously Adjudicated Related Cases: *None.*

**2.     This case is complex because it possesses one or more of the features listed below (please check):**

| | | |
|---|---|---|
| \_\_\_\_\_ | (1) | Unusually large number of parties |
| \_\_\_\_\_ | (2) | Unusually large number of claims or defenses |
| \_\_\_\_\_ | (3) | Factual issues are exceptionally complex |
| \_\_\_\_\_ | (4) | Greater than normal volume of evidence |
| \_\_\_\_\_ | (5) | Extended discovery period is needed |
| \_\_\_\_\_ | (6) | Problems locating or preserving evidence |
| \_\_\_\_\_ | (7) | Pending parallel investigations or action by government |
| \_\_\_\_\_ | (8) | Multiple use of experts |
| \_\_\_\_\_ | (9) | Need for discovery outside United States boundaries |
| \_\_\_\_\_ | (10) | Existence of highly technical issues and proof |
| \_\_\_\_\_ | (11) | Unusually complex discovery of electronically stored information |

*The Parties do not contend this case is complex.*

**3.     Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:     *Gordon Van Remmen*

Defendant:   *Ian E. Smith*

**4.     Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

\_\_\_ Yes     \_X\_ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss

5

separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.   **Parties to This Action:**

    (a)    The following persons are necessary parties who have not been joined: *None.*

    (b)    The following persons are improperly joined as parties: *None.*

    (c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: *None.*

    (d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.   **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

    (a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:

*Defendant may amend the pleadings to assert a counterclaim.*

    (b)    Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.   **Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. Note: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

*The Parties have agreed that Initial Disclosure will not be due until February 17, 2023.*

9. **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please

state the issues which could be addressed and the position of each party.

*The Parties do not request a Scheduling Conference with the Court at this time.*

**10.   Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

*(a) The factual and legal bases of Plaintiff's claims;*

*(b) The factual and legal bases of Defendant's defenses;*

*(c) The names and contact information for the putative class; and*

*(c) Damages, if any.*

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

*The Parties do not anticipate needing additional time for discovery beyond that allowed by the assigned discovery track.*

11. **Discovery Limitation and Discovery of Electronically Stored Information:**

(a)  What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

*At this time the Parties have not identified any need for limitations.*

(b)  Is any party seeking discovery of electronically stored information?

  X    Yes         ___ No

If "yes,"

(1)   The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

*Parties have discussed the sources and scope of production of ESI, which may consist of employment data, wages, hours worked, and payroll records for Plaintiff and have agreed to work together to efficiently exchange all electronic discovery.*

(2)   The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native, method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

*The Parties agree to work together cooperatively to search and produce relevant ESI. If requested and when available, electronically stored*

9

*information will be produced in native format (or other agreed format such as searchable PDF) with metadata intact and produced on a compact disc, DVD, USB drive, or some other form of universal media or electronic transmission. For emails stored on a Microsoft Exchange server, the parties agree that they can be produced in .pst format or searchable PDF format. Other, non-ESI documents may be produced in hard copy format or in searchable PDF format and produced on a compact disc, DVD, USB drive, or some other form of universal media or electronic transmission.*

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.  Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) or (c)?

*None at this time.*

13. **Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **February 7, 2023**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff:		Counsel: */s/ Gordon Van Remmen*
				Gordon Van Remmen

For Defendant:		Counsel: */s/ Ian E. Smith*
				Ian E. Smith

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

( X ) A possibility of settlement before discovery.

( X ) A possibility of settlement after discovery.

(\_\_\_) A possibility of settlement, but a conference with the judge is needed.

(\_\_\_) No possibility of settlement.

(c) Counsel ( X ) do or (\_\_\_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is: *to be determined at a later time*.

(d) The following specific problems have created a hindrance to settlement of this case. *Nothing at this time*.

14. **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is

11

otherwise entitled to a jury trial.

(a) The parties (___) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ____ day of _____, 20___.

(b) The parties (__X__) do not consent to having this case tried before a Magistrate Judge of this court.

Respectfully submitted this February 17, 2023.

| Prepared by: | Consented to and joined by: |
|---|---|
| HALL & LAMPROS, LLP | SPIRE LAW, LLC |
| /s/<br>Christopher B. Hall<br>Ga. Bar # 318380<br>Gordon Van Remmen<br>Ga. Bar # 215512<br><br>300 Galleria Parkway<br>Suite 300<br>Atlanta, GA 30339<br>(404) 876-8100<br>chall@hallandlampros.com<br>gordon@hallandlampros.com<br><br>*Attorneys for Plaintiff* | */s/*<br>Ian E. Smith, Esq.<br>Georgia Bar No. 661492<br>Whitney M. DuPree, Esq.<br>Georgia Bar No. 880909<br><br>2572 W. State Road 426<br>Suite 2088<br>Oviedo, Florida 32765<br>ian@spirelawfirm.com<br>whitney@spirelawfirm.com<br>filings@spirelawfirm.com<br>*Attorneys for AK Security Services LLC* |

Defendant's counsel certifies that this report is in 14-point Times New Roman font.

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2023, I electronically filed the foregoing ***Joint Preliminary Report and Discovery Plan*** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

                                          **THE SPIRE LAW FIRM**

                                          /s/   *Ian E. Smith*
                                                  Ian E. Smith