# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARTIN SANTIAGO, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civil Action File ) No. 1:22-cv-01986 ) |
| AK SECURITY SERVICES LLC, | ) ) ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER**

Plaintiff Martin Santiago, by and through counsel, files this Response In Opposition to Defendant's Motion For Leave to File an Amended Answer.

In this lawsuit alleging failure to pay overtime under the Fair Labor Standards Act ("FLSA"), Defendant AK Security Services LLC ("Defendant" or "AK Security") requests leave to file a counterclaim purportedly to allege claims for tortious interference with contract or business relations. Defendant's Motion should be denied because (1) there is no federal jurisdiction; (2) the proposed Counterclaim is futile as it fails to allege the elements for tortious interference; and (3) the proposed Counterclaim seeks only to harass and embarrass Plaintiff with salacious allegations that – as a matter of law – do not support a claim for tortious interference.

1

Plaintiff respectfully requests that Defendant's Motion be denied.

## ARGUMENT

This is a simple overtime case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Defendant requests leave to amend its answer and add a single counterclaim against Plaintiff for tortious interference with contract or business relations. The sole basis of the tortious interference claim are the allegations that (1) Plaintiff was seen, while on duty working for Defendant at the Tens on West Apartment Community (owned by Defendant's client), on the phone with his genitals in his hand. Proposed Counterclaim at ¶¶ 1-9 (ECF 17-1); and (2) as a result, Tens on West terminated its contract with AK Security. *Id.* at ¶¶ 10-11.

The allegations against Plaintiff are not true. But more important at this stage is that the allegations do not support a tortious interference claim, and there is no federal jurisdiction over the claim. Defendant's Motion should be denied.

I. **The Motion Should be Denied Because the Proposed Counterclaim Lacks Subject-Matter Jurisdiction.**

   A. **The Proposed Counterclaim Has No Independent Basis for Federal Jurisdiction.**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), "[d]istrict courts have original subject matter jurisdiction if the action arises out of the Constitution or laws of the United States or if there is diversity of citizenship between the parties. 28

2

U.S.C. §§ 1331, 1332." Fed. R. Civ. P. 12(b)(1); *see Campbell v. High Tech Rail & Fence, LLC*, No. 3:18-CV-4-TCB, 2019 WL 13207596, at *1 (N.D. Ga. Oct. 16, 2019) (dismissing defendants' state-law counterclaims for lack of subject matter jurisdiction). "[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *United States v. Miracle Home Care, Inc.*, No. CV 2:18-078, 2019 WL 452757, at *1 (S.D. Ga. Feb. 5, 2019).

This Court has original jurisdiction over Plaintiff's FLSA claims as they arise under a federal question, but Defendant's proposed Counterclaim is a not federal question and does not arise out of the Constitution. Further, Defendant's proposed Counterclaim seeks damages of only of $4,366.32 per week (with no mention of how many weeks) for Plaintiff's alleged tortious interference. Proposed Counterclaim at ¶ 11 (ECF 17-1). Therefore, Defendant has failed to allege $75,000.00 is in controversy and there is no diversity jurisdiction. *See* 28 U.S.C.A. § 1332. Accordingly, Defendant's proposed Counterclaim has no independent basis for federal jurisdiction, and this Court lacks subject matter jurisdiction under binding precedent.

Indeed, Defendant's proposed Counterclaim fails to allege any basis for subject-matter jurisdiction. "Facial attacks on the complaint 'require[ ] the court

3

merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (internal citations omitted). Here, Defendant's proposed Counterclaim suffers from a jurisdictional defect, as it is (at best) a permissive counterclaim and has no independent basis for federal jurisdiction, such that the Court lacks subject matter jurisdiction under binding precedent.

**B. The Proposed Counterclaim is Not a Compulsory State Law Claim.**

Only compulsory state law claims may be heard under the court's supplemental jurisdiction. "[W]hen no diversity exists between the parties, a federal court has no subject matter jurisdiction to consider state law permissive counterclaim…." *E-Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Planning & Zoning Comm'n*, 888 F. 2d 1576, 1579 (11th Cir. 1989). This decision is binding precedent and remains good law.

Under FED. R. CIV. P. 13(a), a counterclaim is deemed compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." This Circuit applies the "logical relationship" test for determining whether a counterclaim satisfies this requirement. *See Republic Health Corp. v. Lifemark Hosps. Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985); *see also United States v. Aronson*,

617 F.2d 119, 120 (5th Cir. 1980). Under this test, there is a "logical relationship" sufficient for federal jurisdiction over the counterclaim as well as the complaint when "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Republic Health Corp.*, 755 F.2d at 1455.

Similar counterclaims have been dismissed under this line of authority in employment cases. In *Zambrano v. Chic Marine of Lauderdale, Inc.*, No. 00-7632-CIV, 2001 WL 36178001, at *2 (S.D. Fla. June 6, 2001), the court dismissed a counterclaim in an FLSA action for unpaid overtime wages:

> Applying the logical relationship test to the present case, the Court finds that Defendant's counterclaim is permissive because the facts underlying Plaintiff Zambrano's employment claim are distinct from the facts underlying Defendant's counterclaim for misappropriating trade secrets. The elements of proof for Defendant's counterclaim would require evidence distinct from the evidence for Zambrano's minimum wage and overtime claims, i.e., proof concerning what hours she worked, what duties she performed, and what type of pay she received.

*Id.* (dismissing defendant's counterclaim and holding that the counterclaim failed to meet the "logical relationship" test simply because the alleged misconduct arises from a single aspect of the same employment relationship that gave rise to plaintiff's wage claims).

Application of the "logical relationship test" to the instant claims and

proposed Counterclaim requires more than a factual link of Plaintiff's employment – it requires a relationship of proof so that the claims arising from the same facts can be decided in one trial, which is missing here. *See Campbell*, 2019 WL 13207596, at *4. Proving Defendant's proposed Counterclaim involves additional facts that are not related to Defendant's failure to pay overtime wages to Plaintiff. Accordingly, the Court lacks subject matter over Defendant's proposed Counterclaim, and it should be dismissed entirely.

Further, dismissal of counterclaims in FLSA actions for lack of subject matter jurisdiction are common in this Circuit. The Eleventh Circuit has held that it is "hesitant to allow employers to assert state-law counterclaims against employees in FLSA cases." *Pioch v. IBEX Eng'g Servs., Inc.*, 825 F.3d 1264, 1273 (11th Cir. 2016). This Court has stated that:

> Other district courts adjudicating FLSA cases have declined to exercise jurisdiction under similar circumstances. *See Espenscheid v. DirectSat USA, LLC*, No. 09-cv-625-BBC, 2010 WL 2671585, at *5 (W.D. Wisc. June 30, 2010); *Dawson v. Office Depot, Inc.*, No. 09-60146-CIV, 2009 WL 789662, at *2 (S.D. Fla. Mar. 23, 2009); *Villareal v. El Chile, Inc.*, 601 F. Supp. 2d 1011, 1020 (N.D. Ill. 2009); *Dowell v. Kidz R 4 Uz, Inc.*, No. 6:08-cv-651-ORL-22KRS, 2008 WL 4613049, at *2 (M.D. Fla. Oct. 14, 2008).

*Campbell*, 2019 WL 13207596, at *4. Counterclaims in FLSA actions are generally inappropriate and should be stricken. *See, e.g., Marshall v. Wallace Oil Co.*, No. C80-451A, 1980 WL 2101, at *2 (N.D. Ga. Sept. 19, 1980) (striking employer's

counterclaim for amounts employees borrowed from their employer in FLSA action, concluding that "in this circuit, neither set-off nor recoupment is permitted in an action for unpaid back wages under the FLSA.").

## II. Defendant's Proposed Counterclaim Fails to State a Claim and Should be Dismissed as Futile.

The alleged facts underlying Defendant's Counterclaim are salacious and untrue. Even taken as true, Defendant's Motion should be denied as Defendant's proposed Counterclaim would be dismissed pursuant to FED. R. CIV. P 12(b)(6) which authorizes the dismissal of claims for failure to state a claim upon which relief can be granted.

Under Georgia law, in order to sustain a claim for tortious interference with a business relationship, the counterclaimant must prove "(1) an independent wrongful act of interference by a stranger to the contract; (2) malicious intent to cause injury; and (3) resulting damage." *Pharmerica Long-Term Care, Inc. v. Krystopowicz*, No. 1:09-CV-2056-CAP, 2012 WL 12950329, at *3 (N.D. Ga. Aug. 29, 2012) (*Barnwell v. Barnett & Co.*, 476 S.E.2d 1, 2 (Ga. Ct. App. 1996)); *see also*, *USI Ins. Servs. LLC v. Se. Series of Lockton Companies, LLC*, No. 1:20-CV-02490-SCJ, 2021 WL 912258, at *4 (N.D. Ga. Mar. 10, 2021) (citing *Metro Atlanta Task Force for the Homeless, Inc. v. Ichthus Cmty. Tr.*, 298 Ga. 221, 230, 780 S.E.2d 311, 321 (2015)).

Here, Defendant's proposed Counterclaim states that Plaintiff was observed

7

holding his exposed genitalia at work.  As a result, Defendant alleges that the client, Tens on West, cancelled its contract with Defendant.  However, the proposed Counterclaim fails to show any intent (malicious or otherwise) by Plaintiff to cause injury or interfere with Defendant's business dealings or contract.  Even taking Defendant's allegations as true (Plaintiff contends the allegations are baseless and false), there is no showing that Plaintiff intended to disrupt or end Defendant's contract with Tens on West.

Additionally, an essential element of tortious interference under Georgia law is "that a [counterclaimant] show that the [counter-defendant] is a 'stranger' to the business and contractual relations at issue". *Britt Paulk Ins. Agency, Inc. v. Vandroff Ins. Agency, Inc., Equip. Dealers Ins., Northbrook Prop. & Cas. Ins. Co.*, 952 F. Supp. 1575, 1584 (N.D. Ga. 1996), *aff'd sub nom. Britt/Paulk v. Vandroff Ins.*, 137 F.3d 1356 (11th Cir. 1998) (citing *Barnwell*, 222 Ga. App. at 695).

Here, Plaintiff was not a stranger to the contract but rather an employee of Defendant undertaking Defendant's performance of the contract.  The Georgia Court of Appeals have held that an employee "is not a stranger to the business relationship between his employer and the customers he personally services and thus cannot be held liable under a claim of tortious interference." *Tom's Amuse. Co., Inc. v. Total Vending Services*, 533 S.E.2d 413, 417 (Ga. App. 2000) (finding summary judgment

8

proper on tortious interference claim by employer against employee allegedly interfering with employer's relationship with client because employee was not a stranger to the contract between employer and client)

Defendant's proposed Counterclaim fails to meet the elements for a tortious interference claim as a matter of law. As such, this Counterclaim is baseless and futile and Defendant's Motion to Amend must be denied.

## CONCLUSION

Defendant's Counterclaim must be dismissed because it 1) lacks subject-matter jurisdiction, and 2) fails to state a claim. Therefore, Defendant's Counterclaim should be dismissed.

Respectfully submitted, this April 4, 2023,

                                                       **HALL & LAMPROS, LLP**

                                                       */s/Gordon Van Remmen*
                                                       Christopher B. Hall
                                                       Ga. Bar # 318380
                                                       Gordon Van Remmen
                                                       Ga. Bar # 215512

300 Galleria Parkway, Suite 300
Atlanta, GA 30339
(404) 876-8100
chall@hallandlampros.com
gordon@hallandlampros.com

*Attorneys for Plaintiff*

Plaintiff's Counsel certifies that this Response is in 14-point Times New Roman Font in compliance with the Local Rules of the Northern District of Georgia.

Plaintiff's Counsel certifies that this Response is in 14-point Times New Roman Font in compliance with the Local Rules of the Northern District of Georgia.

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2023, I electronically filed the foregoing *Plaintiff's Response in Opposition to Defendant's Motion for Leave to Amend its Answer* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Ian E. Smith, Esq.
Whitney M. DuPree, Esq.
SPIRE LAW, LLC
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765
ian@spirelawfirm.com
whitney@spirelawfirm.com
filings@spirelawfirm.com

**HALL & LAMPROS, LLP**

/s/   *Gordon Van Remmen*
      Gordon Van Remmen