# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARTIN SANTIAGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File |
| vs. ) | No. 1:22-cv-01986 |
| ) | |
| AK SECURITY SERVICES LLC, ) | |
| ) | |
| Defendant. ) | |

## JOINT MOTION TO APPROVE SETTLEMENT

Plaintiff Martin Santiago and opt-in Plaintiff Tyler Harrison (together "Plaintiffs"), by and through counsel, and Defendant AK Security Services LLC ("Defendant") file this motion asking that the Court enter an Order approving the Settlement Agreement (the "Settlement Agreement") into which they have entered (*see* **Exhibit 1**, Fully Executed Settlement Agreement) as to the Plaintiffs' pending claims under the Fair Labor Standards Act ("FLSA").

In support of this Motion, the Parties jointly state as follows:

### Background

On May 18, 2022, Plaintiff Santiago filed this lawsuit against Defendant alleging violations of the FLSA for unpaid wages. (Doc. 1). On July 23, 2022, Plaintiff Santiago served Defendant with the Complaint and Summons. (Doc. 5). On September 6, 2022, Defendant filed its Answer. (Doc. 7). On March 9, 2023, Opt-In

Plaintiff Harrison filed his Consent to Opt-In. (Doc. 16).

In the Complaint, Plaintiffs allege that they were employed as security guards for Defendant between the dates of approximately July 2019 through May 2022 (Plaintiff Santiago) and August 2020 and June 2022 (Plaintiff Harrison). **Exhibit 2**, Van Remmen Declaration, at ¶ 2. Plaintiffs also allege that Defendant is also liable to Plaintiffs under the terms of FLSA. *See Id.* at ¶ 3.

Defendant contends that Plaintiffs received all amounts owed to them under the FLSA and deny any liability to the Plaintiffs for any amount whatsoever. *Id.* at ¶ 4. Without admitting any wrongdoing, Defendant desires to resolve all claims, allegations, and causes of action between itself and Plaintiffs as alleged in this action, that Plaintiffs now, or in the future, may allege to have against Defendant. *Id.* at ¶ 5.

## Settlement

Counsel for Plaintiffs and Defendant reached a settlement through arm's length negotiations relating to the merits of the claims and defenses, which included discussions of hours worked, overtime payments, dates of employment, and FLSA non-willfulness. Plaintiffs and Defendant have discussed and considered the facts, have carefully calculated actual and potential damages and liability, have judiciously allocated the same as set forth in the Settlement Agreement, and find the Settlement Agreement to be fair and reasonable. *Id.* at ¶ 6.

In exchange for a release of all Plaintiffs' claims, the Parties were able to reach

a reasonable settlement for a **compromised** amount of twenty-three thousand dollars ($23,000.00). This amount represents seven thousand dollars ($7,000.00) to Plaintiff Santiago in wages and liquidated damages, two thousand five hundred dollars ($2,500.00) to Plaintiff Harrison, and thirteen thousand five hundred dollars ($13,500.00) in Plaintiffs' attorneys' fees and costs. *Id.* at ¶ 7.

Plaintiffs agreed to this compromised settlement in order to ensure payments due under the Settlement Agreement. This amount represents Plaintiffs' **full** calculation for back wages, as well as a reduced amount for Plaintiffs' attorneys' fees and costs. *Id.* at ¶ 8.

The $7,000.00 payment to Plaintiff Santiago is approximately 114% of the amount of Plaintiffs' counsel's calculation of alleged unpaid wage damages of $6,167.62. The $7,000.00 payment to Plaintiff Santiago is approximately 57% of the amount of Plaintiffs' counsel's calculation of alleged back-wage and liquidated damages of $12,335.24. Defendant disputes Plaintiffs' counsel's calculation of alleged damages, as well as liability for any damages in this case. *Id.* at ¶ 9.

The $2,500.00 payment to Plaintiff Harrison is approximately 113% of the amount of Plaintiffs' counsel's calculation of alleged unpaid wage damages of $2,210.00. The $2,500.00 payment to Plaintiff Harrison is approximately 57% of the amount of Plaintiffs' counsel's calculation of alleged back-wage and liquidated damages of $4,420.00. Defendant disputes Plaintiffs' counsel's calculation of

3

alleged damages, as well as liability for any damages in this case. *Id.* at ¶ 10.

The attorneys' fees to Plaintiffs' counsel, Hall & Lampros, LLP, is based on a reasonable lodestar value of hours worked of $16,300.00 that Plaintiffs' counsel has reduced to $12,676.00 (a reduction of over 22%). *Id.* at ¶ 11. As a reduction, Plaintiffs' counsel did not include any time for partner Christopher Hall. *Id.* As a further reduction, Plaintiffs' counsel did not include any time for drafting and preparing post-settlement documents. *Id.* Plaintiffs' counsel incurred reasonable costs of $824.00 (for the filing fee and service of process). *Id.*; *see also* Exhibit A to Declaration of Gordon Van Remmen - Fee Summary. The Declaration of Gordon Van Remmen (**Exhibit 2**) further outlines Plaintiffs' attorneys' fees, billing rates, and attorney experience. Ex. 2, Van Remmen Declaration, at ¶¶ 19-27. At all times, the Parties negotiated the amount of damages separately from the amount of attorneys' fees and costs. *Id.* at ¶ 12. The Parties negotiated Plaintiffs' damages prior to the negotiation of any attorneys' fees. *Id.*

As set forth in the proposed Settlement Agreement, attached as **Exhibit 1** to this Motion, the payments will resolve all of the claims set forth in this lawsuit. *Id.* at ¶ 13.

Pursuant to the FLSA, claims for back wages and other damages arising under the FLSA may be settled or compromised with the approval of the district court. *See* 29 U.S.C. § 216 (b); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350,

1354 (11th Cir. 1982); *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945).

The Parties therefore file this Joint Motion and request that this Court approve the Parties' Settlement Agreement (**Exhibit 1**). To do so, the Court must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353, 1355.

The Parties expressly agree that the Settlement Agreement between the Parties represents a fair and equitable resolution of this matter. Based on these potential damages, defenses, and the risks involved for all Parties; all Parties, after consultation with their experienced counsel, believe that the proposed Settlement Agreement is fair and in each Party's best interest. *See* Ex. 2, Van Remmen Declaration, at ¶¶ 14-15.

The Agreement is not the subject of fraud or collusion, but rather a genuine effort to avoid more time and resources than the Parties agree is prudent to resolve the issues. *Id.* at ¶ 16.

The Parties acknowledge that, as is the case with any wage and hour dispute, any trial of this matter is likely to be lengthy and document intensive. As such, all Parties would be subjected to considerable expense in determining whether the Parties' respective assertions are correct and given the amount of potential recovery in this matter, such costs will likely exceed the amount of potential recovery. The

Parties therefore believe that such expense is not worth the continued litigation of this case. *Id.* at ¶ 17.

Plaintiffs' counsel calculated damages, as well as liability for any damages in this case. Defendant's counsel disputes these damages as well as liability for these damages. As such, bona fide disputes as to the merits of the claims exist; and thus, Plaintiffs are not assured of success of their claims. *Id.* at ¶ 18.

The undersigned counsel for the Parties agree that continuing to litigate this matter would not be an efficient use of the Court's time and resources, and would not be beneficial to the Parties.

Accordingly, the Parties jointly and respectfully request that the Court approve the Settlement Agreement attached hereto as **Exhibit 1**.

A proposed Order has been attached hereto as **Exhibit**

**3**. Respectfully submitted this September 25, 2023,

Prepared and filed by:

/s/ *Gordon Van Remmen*
Christopher B. Hall
Ga. Bar # 318380
Gordon Van Remmen
Ga. Bar # 215512

**HALL & LAMPROS, LLP**
300 Galleria Parkway
Suite 300
Atlanta, GA 30339

Consented to by:

/s/ *Whitney M. DuPree*
Whitney M. DuPree, Esq.
Georgia Bar No. 880908

**SPIRE LAW, LLC**
2572 W. State Road 426
Suite 2088
Oviedo, Florida 32765
ian@spirelawfirm.com
whitney@spirelawfirm.com

(404) 876-8100 telephone  
(404) 876-3477 facsimile  
chall@hallandlampros.com  
gordon@hallandlampros.com  

*Attorneys for Plaintiff*

filings@spirelawfirm.com

*Attorneys for AK Security Services LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2023 the foregoing *Joint Motion To Approve Settlement* was e-filed with the clerk of court which will automatically send a copy of the filing to the following:

>Whitney M. DuPree, Esq.
>SPIRE LAW, LLC
>2572 W. State Road 426
>Suite 2088
>Oviedo, Florida 32765
>whitney@spirelawfirm.com
>filings@spirelawfirm.com

>**Hall & Lampros, LLP**

>*/s/ Gordon Van Remmen*
>Gordon Van Remmen